OPINION
Appellant State of Ohio appeals the decision of the Morgan County Court that granted Appellee Paul Lake's motion to suppress. The following facts give rise to this appeal. On January 23, 1999, Deputy Sheriff James Fisher observed Appellee Paul Lake's pickup truck stuck on the edge of the fire department's property. The wheel of appellee's vehicle was off the pavement and was spinning in wet grass. Appellee was not able to get his truck back onto the paved portion of the parking lot. Upon approaching appellee's vehicle, Deputy Fisher noticed a strong odor of alcohol about appellee's person. Deputy Fisher was not able to administer the horizontal gaze nystagmus test because he was not trained to do so. Further, appellee was unable to perform the walk-and-turn test and the one-leg stand test because he had a broken ankle. Therefore, the only test Deputy Fisher had appellee perform was the finger-to-nose test. Appellee allegedly failed this test. Deputy Fisher transported appellee to the Morgan County Sheriff's Department where he administered a breathalyzer test to appellee. Appellee tested legally drunk. Deputy Fisher arrested appellee for driving under the influence of alcohol. On April 12, 1999, appellee filed a motion to suppress. The trial court conducted a hearing on appellee's motion on May 19, 1999. On October 19, 1999, the trial court issued a judgment entry granting appellee's motion to suppress. Appellant State of Ohio filed a notice of appeal on October 22, 1999, which we dismissed on November 1, 1999. Upon appellant's motion for reconsideration, we reinstated appellant's appeal on November 5, 1999. Appellant sets forth the following assignment of error for our consideration:
I. THERE WAS PROBABLE CAUSE TO ARREST THE DEFENDANT.
 I
Appellant State of Ohio contends that Deputy Fisher had probable cause to arrest Appellee Lake for driving under the influence of alcohol and the trial court erred when it granted appellee's motion to suppress. We disagree. On appeal, appellant challenges the trial court's findings of fact and argues there were sufficient indicia of inebriation to establish probable cause to arrest appellee for driving under the influence of alcohol. Under this type of a challenge, on appeal, we must determine whether the trial court's findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993),86 Ohio App.3d 592. It is based on this standard that we review appellant's sole assignment of error. The Ohio Supreme Court recently addressed the issue of probable cause, as it relates to an arrest for driving under the influence, in the case of State v. Homan (2000), 89 Ohio St.3d 421. In the Homan case, the Court explained that: In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. [Citations omitted.] In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest. [Citations omitted.] Id. at 427.
The Court further explained, in Homan, that "* * * the totality of facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where the test results may be excluded for lack of strict compliance." Id. We conclude the trial court's finding is not against the manifest weight of the evidence that Deputy Fisher, at the moment he arrested appellee, did not have sufficient information to cause a prudent person to believe that appellee was driving under the influence. The totality of facts and circumstances support this conclusion. First, Deputy Fisher did not observe appellee operating his vehicle. Deputy Fisher was merely dispatched to the scene where he observed appellee's vehicle, stuck in the grass, off the paved parking lot. Tr. Suppression Hrng. at 2. The only evidence of drinking that Deputy Fisher observed was that appellee smelled of the odor of alcohol. Id. at 3. Deputy Fisher did not observe appellee operate his vehicle and did not testify, at the suppression hearing, that he observed any other facts that would indicate appellee was intoxicated such as slurred speech, red, glassy eyes, or lack of coordination. Further, Deputy Fisher did not administer the horizontal gaze nystagmus test because he was not trained to do so. Id. Appellee was not able to do the walk-and-turn test or the one-leg stand test because he had a broken ankle. However, Deputy Fisher did have appellee perform the finger-to-nose test. After appellee performed this test, Deputy Fisher placed appellee under arrest and transported him to the Morgan County Sheriff's Department where appellee took a breathalyzer test. At the suppression hearing, Deputy Fisher testified that "* * * evidently [appellee] did not do too well on the finger to nose [test]." Id. at 3. Deputy Fisher also testified that he was not sure exactly how appellee performed on the finger-to-nose test. Id. at 7-8. The trial court concluded that based on the lack of evidence concerning intoxication, Deputy Fisher did not have probable cause to arrest appellee for driving under the influence. We agree with the trial court's conclusion. Accordingly, the trial court's decision to grant appellee's motion to suppress is not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Morgan County Court, Morgan County, Ohio, is hereby affirmed.